IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| MARY WOHLWENDER CRISP, | ) | |
| individually, and in her capacities as the | ) | |
| Executrix of the ESTATE OF MARY | ) | |
| BRADLEY COOPER WOHLWENDER, | ) | |
| and the Trustee of the EDWARD C. | ) | |
| WOHLWENDER, JR. CREDIT | ) | |
| SHELTER TRUST and of the MARITAL | ) | |
| TRUST Created under the Last Will and | ) | |
| Testament of Edward C. Wohlwender, Jr., | ) | |
| and WOHLWENDER ESTATE | ) | |
| PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by undersigned counsel, alleges as follows:

## INTRODUCTION

1.    This action is brought by the United States of America to:

    a.    Reduce to judgment the unpaid federal estate tax liability of the Estate of

        Mary Bradley Cooper Wohlwender ("Mary Wohlwender Estate");

    b.    Reduce to judgment the unpaid federal income tax liabilities of the Mary

        Wohlwender Estate for calendar years 2009 and 2010;

    c.    Foreclose federal tax liens that arose pursuant to 26 U.S.C. Section 6321

        with respect to the above-mentioned unpaid federal tax liabilities;

1

d.  Pursuant to 26 U.S.C. Section 7403, appoint a receiver to take possession of and manage the property subject to the above-mentioned federal tax liens; provide for the orderly sale of the property on terms which will maximize the proceeds available to satisfy the tax debts due the United States;

e.  Obtain relief authorized by Georgia and/or federal law on account of a breach by Mary Wohlwender Crisp, in her capacity as Trustee of the Marital Trust Created under the Last Will and Testament of Edward C. Wohlwender, Jr., of an obligation to pay a portion of the federal estate tax liability of the Mary Wohlwender Estate.  This relief includes but is not limited to:

   i.   ordering Crisp to return to the Marital Trust the real property transferred from that trust;

   ii.  ordering Crisp to pay the federal estate tax liability as required by her obligation as trustee;

f.  Avoid transfers of real property transferred from the Marital Trust to defendant Wohlwender Properties, LLC in violation of O.C.G.A. §18-2-74;

g.  Pursuant to U.S.C. §7402(a) and O.C.G.A. §53-12-301(a)(5), appoint a receiver or to take possession of the property of the Marital Trust and take such actions as are necessary to meet the obligation of the Marital Trust to pay a portion of the federal estate tax liability of the Mary Wohlwender Estate;

2

h.  Reduce to judgment the liability of Wohlwender Estate Properties, LLC, as transferee of real property pursuant to O.C.G.A. § 18-2-78(b)(1);

i.  Reduce to judgment the liability of Mary Wohlwender Crisp, under 31 U.S.C. § 3713(b), for distributing assets from a trust without paying a claim of the United States with respect to the unpaid federal estate tax liability of the Mary Wohlwender Estate;

j.  Reduce to judgment the individual liability of Mary Wohlwender Crisp for breaches of her fiduciary duties to the United States as a creditor of the foregoing estates and trusts;

k.  Reduce to judgment the  liability of Mary Wohlwender Crisp, individually and in her capacity as trustee, pursuant to 26 U.S.C. § 6332(d)(1), on account of her failure to honor an Internal Revenue Service levy served on her in the course of collecting the unpaid federal estate tax liability of the Mary Wohlwender Estate.

2.  This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7404.

4.  Defendant Mary Wohlwender Crisp resides within this district and is within the jurisdiction of this Court.

14847762.5

5.      Wohlwender Properties, LLC, a limited liability company authorized under Georgia law, transacts business within this district. Its activities are conducted and/or controlled within this district.  Wohlwender Properties, LLC is within the jurisdiction of the Court.

6.      This Court is a proper venue for adjudicating this civil action pursuant to 28 U.SC. §§ 1391(b) and 1396 because defendant Crisp resides within this district and the liabilities for the delinquent taxes accrued within this district, and a substantial part of the events or omissions giving rise to the claims occurred within this district.

### FACTS COMMON TO ALL COUNTS

7.      Edward C. Wohlwender, Jr. ("Edward Wohlwender") was the husband of the Mary Bradley Cooper Wohlwender ("Mary Wohlwender").

8.      Edward Wohlwender died testate on December 4, 1999.

9.      On or about December 16, 1999, the Last Will and Testament of Edward C. Wohlwender, Jr., was admitted into probate by the Probate Court of Sumter County, Georgia.

10.     Mary Wohlwender Crisp is the daughter of Edward Wohlwender and Mary Wohlwender.

11.     Under his last will and testament, Edward Wohlwender appointed Crisp as the executrix of his probate estate.

12.     Under Item IV of his last will and testament, Edward Wohlwender, created a trust ("Marital Trust") for the benefit of Mary Wohlwender.

13.     Item  IV(h)  of Edward Wohlwender's last will and testament stated that

> Unless her will expressly directs otherwise, the Trustee [of the Marital Trust] shall pay on the death of my wife, either directly or through her

14847762.5

personal representative, as the Trustee determines, the federal estate tax and state death tax attributable to the inclusion of property in this trust in the gross estate of my wife…

The last will and testament of Mary Wohlwender did not expressly direct otherwise.

14.     Under his last will and testament, Edward Wohlwender left in trust ("Residuary Trust") for Mary Wohlwender and his decedents the rest, residue, and remainder of his estate.  Upon information and belief, the Residuary Trust is named the "Edward C. Wohlwender Credit Shelter Trust."

15.     Item IV(g) of Edward Wohlwender's last will and testament directs that any assets, other than undistributed income, remaining in the Marital Trust upon Mary Wohlwender's death  will become a part of the Residuary Trust.

16.     Under his last will and testament, Edward Wohlwender appointed Crisp as the Trustee of both the Marital Trust and the Residuary Trust.

17.     Crisp--

a.  is or was the executrix of the Estate of Edward C. Wohlwender, Jr.,

b.  is or was the Trustee of the Marital Trust, and

c.  is the Trustee of the Residuary Trust.

18.     Mary Wohlwender died testate on May 30, 2006.

19.     On or about January 17, 2007, the Last Will and Testament of Mary Wohlwender was admitted into probate by the Probate Court of Sumter County, Georgia.

20.     Under her last will and testament, Mary Wohlwender appointed Crisp as executrix of her estate.

14847762.5

21.     Crisp has been and continues to be the Executrix of the Mary Wohlwender Estate.

## COUNT I

**Judgment against Mary Wohlwender Crisp, in Her Capacity as the Executrix of the Estate of Mary Bradley Cooper Wohlwender for Unpaid Federal Tax Liabilities of the Estate.**

**A.     The Federal Estate Tax Liability**

22.     On or about August 30, 2007, Crisp, in her capacity as executrix, filed the United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706) of the Mary Wohlwender Estate, reporting a federal estate tax in the amount of $9,566,082. With the return, Crisp, as executrix, remitted a payment of only $276,285.

23.     On November 12, 2007, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §6201(a)(1), assessed the estate tax in the amount of $9,566,082, that Crisp reported on the estate's Form 706.

24.     A delegate of the Secretary of the Treasury made the following additional assessments with respect to the federal estate tax liability of the Mary Wohlwender Estate:

| Type of Assessment (Abatement) | Date of Assessment (Abatement) | Amount of Assessment (Abatement) |
|---|---|---|
| Interest | 4/21/2008 | $377,484.00 |
| (Interest) | (9/15/2008) | ($5,796.46) |
| Interest | 5/04/2009 | $260,724.58 |
| Interest | 2/22/2010 | $191,831.62 |
| Estate Tax | 7/05/2010 | $17,425.00 |
| Interest | 7/12/2010 | $3,201.92 |
| Interest | 2/21/2011 | $172,395.46 |
| Late Payment Penalty | 9/17/2012 | $796,857.00 |
| Interest | 9/17/2012 | $274,643.06 |
| Fees and other collection expenses | 1/07/2013 | $214.00 |

14847762.5

| Fees and other collection expenses | 5/25/2015 | $12.00 |
|---|---|---|

25.     A delegate of the Secretary of Treasury duly issued notice of the federal estate tax liability described above and made demand for payment as provided by law.

26.     Despite notices of the liability and demand for payment, the Mary Wohlwender Estate has not paid the full amount of the estate tax liability owed, and there remains due and owing from the Estate a total of $13,421,088.31, computed as of October 31, 2016, plus further accruals of interest and statutory additions.  Pursuant to 26 U.S.C. §2002, Crisp, in her capacity as executrix, is liable for this debt.

**B.     The Federal Income Tax Liabilities**

27.     On July 21, 2015, Crisp, in her capacity as the executrix of the Mary Wohlwender Estate filed a U.S. Income Tax Return for Estates and Trusts (Form 1041) for calendar years 2009 and 2010.

28.     On November 16, 2015, a delegate of the Secretary of the Treasury assessed the federal income tax reported on the Form 1041 filed by the Mary Wohlwender Estate for calendar year 2009, plus interest and penalties as follows:

| Type of Assessment | Amount of Assessment |
|---|---|
| Income Tax | $44,968 |
| Penalty for Failure to Make Estimated Tax Payments | $1,076.66 |
| Late Filing Penalty | $10,117.80 |
| Late Payment Penalty | $11,242.00 |
| Interest | $10,107.72 |

29.     Similarly, on October 25, 2015, a delegate of the Secretary of the Treasury assessed the federal income tax reported on the Form 1041 filed by the Mary Wohlwender Estate for calendar year 2010, plus interest, penalties as follows:

7

| Type of Assessment | Amount of Assessment |
|---|---|
| Income Tax | $31,817.00 |
| Penalty for Failure to Make Estimated Tax Payments | $682.00 |
| Late Filing Penalty | $7,158.82 |
| Late Payment Penalty | $7,954.25 |
| Interest | $5,585.24 |

30.     A delegate of the Secretary of Treasury duly issued notices of the liabilities identified in paragraphs 28 and 29 and made demand for payment as provided by law.

31.     Despite notices of the liabilities described in paragraphs 28 and 29 and demand for payment, the Mary Wohlwender Estate has not paid the full amount of its federal income tax liabilities for 2009 and 2010.  With accruals of interest and statutory additions, computed as of October 31, 2016, there remains due and owing from the Estate on the liabilities for 2009 and 2010, respectively, the amounts of $22,706.15 and $10,507.50.  Interest and statutory additions will continue to accrue.

32.     With respect to the unpaid federal income tax liabilities of the Mary Wohlwender Estate, Crisp, in her capacity as executrix is indebted to the United States of America in the amount of $33,213.65, computed as of October 31, 2016, plus further accruals of interest and statutory interest thereon.

## COUNT II

### A.     Foreclosure of Federal Tax Liens on Property and Rights to Property of Mary Wohlwender Estate

33.     Because the Mary Wohlwender Estate did not pay the full amount of its federal estate tax liability after notice of the assessment and demand for payments, a federal tax lien pursuant to 26 U.S.C. § 6321, ("Section 6321 estate tax lien") arose upon

14847762.5

assessment of those liabilities and attached to all of the property and rights to property belonging to the Mary Wohlwender Estate, including any receivable or chose in action that the Estate may have against the Marital Trust to pay the tax.

34.     Notices of the Section 6321 estate tax lien with respect to the unpaid federal estate tax liability of the Mary Wohlwender Estate were duly recorded on the following dates at the following locations:

| Date of Filing | Location of Filing |
| --- | --- |
| 12/19/2012 | Clerk of Superior Court; Chattahoochee County, Georgia |
| 12/19/2012 | Clerk of Superior Court; Clay County, Georgia |
| 5/1/2015 | Clerk of Superior Court; Macon County, Georgia |
| 12/26/2012 | Clerk of Superior Court; Columbus County, Georgia |
| 12/19/2012 | Clerk of Superior Court; Randolph County, Georgia |
| 12/19/2012 | Clerk of Superior Court; Schley County, Georgia |
| 12/19/2012 | Clerk of Superior Court; Stewart County, Georgia |
| 12/19/2012 | Clerk of Superior Court; Sumter County, Georgia |
| 12/17/2012 | Recorder of Ashland County; Ashland County, Ohio |
| 12/20/2012 | Clerk of Court Cameron County, Texas |
| 12/18/2012 | Clerk of Circuit Court; Wakulla County, Florida |
| 12/17/2012 | Circuit Clerk and Recorder; Arkansas County, Arkansas |
| 12/28/2012 | Clerk of Superior Court; Muscogee County, Georgia |

35.     Because the Mary Wohlwender Estate did not pay the full amount of its federal income tax liabilities for 2009 and 2010 after notice of the assessment and

9

demand for payments, federal tax liens pursuant to 26 U.S.C. § 6321, ("Section 6321 income tax liens") arose upon assessment of those liabilities and attached to all of the property and rights to property belonging to the Mary Wohlwender Estate.

36.    Notices of the Section 6321 income tax liens with respect to the unpaid federal income tax liabilities of the Mary Wohlwender Estate for 2009 and 2010 were duly recorded on the following dates at the following locations:

| Date of Filing | Location of Filing |
| --- | --- |
| 2/1/2016 | Clerk of Superior Court; Chattahoochee County, Georgia |
| 2/1/2016 | Clerk of Superior Court; Clay County, Georgia |
| 2/1/2016 | Clerk of Superior Court; Macon County, Georgia |
| 12/26/2012 | Clerk of Superior Court; Columbus County, Georgia |
| 2/2/2016 | Clerk of Superior Court; Randolph County, Georgia |
| 2/1/2016 | Clerk of Superior Court; Schley County, Georgia |
| 5/6/2016 | Clerk of Superior Court; Stewart County, Georgia |
| 2/2/2016 | Clerk of Superior Court; Sumter County, Georgia |
| 2/1/2016 | Recorder of Ashland County; Ashland County, Ohio |
| 2/4/2016 | Clerk of Court Cameron County, Texas |
| 2/29/2016 | Clerk of Circuit Court; Wakulla County, Florida |
| 2/1/2016 | Circuit Clerk and Recorder; Arkansas County, Arkansas |
| 2/3/2016 | Clerk of Superior Court; Muscogee County, Georgia |

37.    The Section 6321 liens securing the unpaid federal tax liabilities of the Mary Wohlwender Estate attach to the following parcels of real property located in

14847762.5

Muscogee County Georgia.  These properties, titled in the names of Edward C.

Wohlwender Jr., and Mary Bradley Cooper Wohlwender, were probate properties that

Crisp, as executrix of the Mary Wohlwender Estate, had a duty to administer.

a) Parcel No. 027 040 008
   1 2 BK 14 DELAUNEY PL
   1502 Virginia St.

b) Parcel No.. 006 006 004
   13 CITY VILLAGE
   ADD: 2108 1st Ave.

c) Parcel No.008 004 017
   PT 4 BK 10 NORTH HIGHLAND
   ADD: 3212 1st Ave.

d) Parcel No 011 001 004
   RIVER RD EAST SIDE GULF STATION
   ADD: 5114 River Rd

e) Parcel No 011 001 002
   RIVER RD EAST SIDE LAND SHOPPING CENTER
   ADD: 5156 River Rd

f) Parcel No 182 026 008
   LT 5 BK K CAROLINE PK
   ADD: 5208 River Rd

38.    Likewise, the Section 6321 liens attach to the following parcel of real

property titled in the name if Mary Bradley Cooper Wohlwender and located in

Muscogee County, Georgia:

Parcel No. 011 006 001
NITS BK B MARIDELE ESTATES
ADD: 850 Crockett Dr.

39    In addition to the property identified in paragraph 38, the Section 6321

liens attach to the Muscogee County, Georgia real property described in the warranty

deed attached as Exhibit A to this complaint.

40.    The Section 6321 liens also attach to real property located in Sumter

11

County, Georgia as described in the deed of assent attached as Exhibit B to this complaint.

41.     The property identified in paragraphs 37-40 of the complaint was probate property that Crisp, as executrix, had an interest to administer.

42.     To the extent there is any remaining property or rights to property in the Mary Wohlwender Estate that Crisp, as executrix, had an interest to administer, the United States has valid Section 6321 liens against such property or rights to property.  On information and belief, there are no known creditors with superior interests to such property or rights to property.

43.     Accordingly, the United States is entitled to a judgment allowing it to enforce its Section 6321 liens against any and all remaining rights to property of the Mary Wohlwender Estate, including the real property identified in paragraphs 37 through 40 of the complaint.

**B.     Appointment of a Receiver**

44.     In accordance with Sections 7402(a) and 7403(a), (d) of the Internal Revenue Code (26 U.S.C.), it is in the public interest that a receiver, with all the powers of a receiver in equity, be appointed in this action in order to take possession of and manage the property subject to the Section 6321 liens identified in this Count and also to provide for the orderly sale of the property on terms which will maximize the proceeds available to satisfy the tax debts due the United States.

14847762.5

## COUNT III

### Liability for Breach of Trust of Mary Wohlwender Crisp in Her Capacity as Trustee of the Marital Trust

45.     Under the express terms of the Marital Trust, Crisp, in her capacity as Trustee was obligated to pay the federal estate tax and state death tax owed by the Mary Wohlwender Estate that was attributable to the inclusion of property in the Marital Trust in the gross estate of Mary Wohlwender.

46.     As of Mary Wohlwender's death, the Mary Wohlwender Estate was the beneficiary of the Marital Trust.

47.     By not liquidating Marital Trust assets and paying the federal estate tax attributable to the inclusion of those assets in Mary Wohlwender's gross estate or otherwise ensuring that the federal estate tax was paid, Crisp, in her capacity as trustee, committed a breach of trust against the Mary Wohlwender Estate.

48.     The United States is a third-party beneficiary of the obligation of Crisp, in her capacity as trustee of the Marital Trust, to pay the federal estate tax owed by the Mary Wohlwender Estate that was attributable to the inclusion of property in the Marital Trust in the gross estate of Mary Wohlwender.

49.     As a third party beneficiary of the obligation described in the prior paragraph, the United States may assert against Crisp, in her capacity as trustee of the Marital Trust, causes of action that the Wohlwender Estate could lawfully asset against Crisp in her capacity as Trustee.

50.     On or about September 22, 2004, Crisp, in her capacity as executrix of the Edward Wohlwender Estate, formed under Georgia law, Wohlwender Estate Properties, a limited liability corporation.

51.     In her capacity as executrix of the Edward Wohlwender Estate, Crisp transferred the real property belonging to that Estate to Wohlwender Estate Properties. Deeds evidencing these transfers are attached to the complaint as Exhibits C-J.

52.     Upon information and belief, some or all of the property identified in paragraph 51 of the complaint was property of the Marital Trust and these transfers were made notwithstanding the obligation of the Marital Trust to pay the federal estate tax owed by the Mary Wohlwender Estate that was attributable to the inclusion of property in the Marital Trust in the gross estate of Mary Wohlwender.

53.     Pursuant to O.C. G.A §§53-12-301(a)(2),(4), the Court may order Crisp to return to the Marital Trust the real property transferred from that trust to Wohlwender Estate Properties

54.     In addition to the properties identified in paragraph 51 of the complaint, the Marital Trust has an interest in real property in Cameron County, Texas. This property is described in Exhibit K to the complaint.

55.     Pursuant to  O.C. G.A §§53-12-301(a)(2),(4), the Court may order Crisp to pay the federal estate tax liability, through liquidation of Marital Trust assets or otherwise, attributable to the inclusion of Marital Trust property in the gross estate of Mary Wohlwender.

56      Alternatively, the Court may, pursuant to 26 U.S.C. §7402(a) and O.C.G.A. §53-12-301(a)(5), appoint a receiver or to take possession of the assets of the Marital Trust, including but not limited to the real property identified in paragraphs 51 and 54 of the Complaint and/or the interest of the Marital Trust in the capital stock of Wohlwender Properties LLC and take such actions as are necessary to pay the federal

estate tax liability attributable to the inclusion of Marital Trust property in the gross estate of Mary Wohlwender.

57.     Approximately 89% of the federal estate tax due from the Mary Wohlwender Estate is attributable to the inclusion of the assets in the Marital Trust in the gross estate of the Mary Wohlwender Estate.

58.     There is due and owing from Crisp, in her capacity as Trustee of the Marital Trust, the sum of $11,944,768.60, as of October 31, 2016, plus further accruals of interest and statutory additions according to law.

### COUNT IV

**Transfers of Marital Trust Property in
Violation of Ga. Code Ann., Title 18, Chapter 2**

59.     At the time that Crisp made the transfers of real property identified in paragraph 51 of the complaint, she believed or reasonably should have believed that the Marital Trust would incur a debt beyond the Trust's ability to pay as it became due, *i.e.,* the federal estate tax liability of the Mary Wohlwender Estate attributable to the inclusion of marital trust property in the gross estate of Mary Wohlwender.

60.     Wohlwender Estate Properties, LLC did not acquire the real property identified in paragraph 51 of the complaint in good faith and for a reasonably equivalent value.

61.     Pursuant to O.C.G.A. §18-2-74, the transfers of real property identified in paragraph 51 of the complaint are voidable as to the United States of America, a third party beneficiary of the obligation of the Marital Trust to pay the federal estate tax liability of the Mary Wohlwender Estate attributable to the inclusion of Marital Trust property in the gross estate of Mary Wohlwender.

14847762.5

62.     Pursuant to O.C.G.A. §18-2-77, the Court should avoid the transfers of the real property identified in paragraph 51 of the complaint to the extent necessary to enable the Marital Trust to pay the portion of the federal estate tax liability of the Mary Wohlwender Estate attributable to the inclusion of Marital Trust assets in the gross estate of Mary Wohlwender.

63.     In addition or alternatively, pursuant to O.C.G.A. §18-2-78(b)(1),Wohlwender Estate Properties, LLC is indebted to the United States in the amount of the lesser of the value of the real property at the time of its transfer to Wohlwender Estate Properties or the sum of $11,944,768.60, as of October 31, 2016, plus further accruals of interest and statutory additions according to law.

## COUNT V

### Individual Liability of Mary Wohlwender Crisp Re: Marital Trust

64.     On the date of Mary Wohlwender's death and throughout the remainder of its existence, Crisp was the Trustee of the Marital Trust, identified in paragraph 12 of the complaint.

65.     On account of Item IV(h) of the last will and testament of Edward Wohlwender, the United States of America held a claim, as the term is used in 31 U.S.C. Section 3713, against the Marital Trust for the unpaid federal estate tax liability attributable to the assets held by the Marital Trust.

66.     As of the date of Mary Wohlwender's death, Crisp had notice of the United States' claim against the Marital Trust.

14847762.5

67.     In her capacity as Trustee of the Marital Trust, Crisp did not pay the federal estate tax owing from the Mary Wohlwender Estate that was attributable to the inclusion of property in this trust in the gross estate of the Mary Wohlwender Estate.

68.     Pursuant to 31 U.S.C. §3713(a), Crisp, in her capacity as Trustee of the Marital Trust was required to pay the claim of the United States before she transferred or allowed the transfer of Marital Trust assets to the Residuary Trust or any other transferee.

69.     To the extent that Crisp, as Trustee of the Marital Trust, has not met her obligations under 31 U.S.C. §3713(a), she is personally indebted to the United States under 31 U.S.C. §3713(b) in an amount equal to the value of the property distributed from the Marital Trust, up to the amount of the Government's claim against the Trust.

70.     Approximately 89% of the federal estate tax due from the Mary Wohlwender Estate is attributable to the inclusion of the assets in the Marital Trust in the gross estate of the Mary Wohlwender Estate.

71.     There is due and owing from Crisp the sum of $11,944,768.60, as of October 31, 2016, plus further accruals of interest and statutory additions according to law.

## COUNT VI

### Individual Liability of Mary Wohlwender Crisp for
### Breach of Fiduciary Duty to United States

72.     As the executrix of the Mary Wohlwender Estate, Crisp had a fiduciary duty to act in the best interests of all persons interested in the probate estate, both creditors and legatees.

14847762.5

73.     Crisp, as executrix of the Mary Wohlwender Estate held a fiduciary duty to administer the probate estate with due regard for the respective rights of both creditors and legatees.

74.     To the extent that Crisp, as executrix of the Mary Wohlwender Estate, has failed to recover assets from the Marital Trust or Credit Shelter Trust, distributed assets of the probate estate to beneficiaries, or otherwise transferred them from the probate estate for the benefit of beneficiaries, Crisp has breached her fiduciary duty to the United States to pay the federal estate and income taxes owed by the Mary Wohlwender Estate.

75.     On account of Crisp's breach of her fiduciary duty, the United States has incurred damages in the amount of the value of the assets diverted from the probate estate up to the amount of the Estate's unpaid federal income and estate tax liabilities.

76.     Crisp is individually indebted to the United States in an amount equal to the amount of damages as described in paragraph 75 of the complaint.

## COUNT VII

### Liability of Mary Wohlwender Crisp Individually and in Her Capacity as Trustee for Failing to Comply with an IRS Notice of Levy

77.     On May 26, 2016, a revenue officer employed  by the Internal Revenue Service personally served on Crisp a Notice of Levy directed to "Mary W. Crisp, as the Trustee of Edward Wohlwender, Jr. Estate Testimonial Trust for the Benefit of Mary C. Wohlwender."

78.     The notice of levy was issued to collect the unpaid federal estate tax liability of the Mary Wohlwender Estate.

79.     The levy demanded "payment by the trustee of the testamentary trust, established in Items IV and V of the will of Edward Wohlwender, Jr., that part of the '..

14847762.5

federal estate and state tax death tax attributable to the inclusion of property in this (Edward C. Wohlwender) trust in the gross estate of (Mary C. Wohlwender) ….', as stipulated in paragraph (h) of Item IV of the will of Edward C. Wohlwender."

80.    Also, on May 26, 2016, the revenue officer personally served on Crisp a Final Demand payment due under the Notice of Levy.

81.    Because the Mary Wohlwender Estate had failed to pay its federal estate tax liability within ten days after notice and demand, it became lawful for the Internal Revenue Service to collect the tax liability by levy on property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

82.    On the date of Mary Wohlwender's death, a federal tax lien, pursuant to 26 U.S.C. Section 6324(a) arose and attached to all property included in her gross estate. This lien remained in place for ten years from the date of Mary Wohlwender's death.

83.    On May 26, 2016, the date that Crisp was served with the notice of levy, the federal tax lien that had arisen pursuant to 26 U.S.C. Section 6324(a) was in effect.

84.    At the time that the notice of levy was served, the assets of both the Marital Trust and the Residuary Trust, *i.e.*, Edward C. Wohlwender Credit Shelter Trust, were encumbered by the federal tax lien arising under Section 6324(a) of the Internal Revenue Code.

85.    Crisp was required under Section 6332 of the Internal Revenue Code to turn over to the Internal Revenue Service all property held by her as Trustee of the Marital Trust and Residuary Trust.

86.    Crisp did not comply with the notice of levy and her noncompliance continues to this date.

14847762.5

87.     At the time that the notice of levy was served, the Estate's assets were, in addition to the Section 6324(a) lien, encumbered by the Section 6321 estate tax lien.

88.     Crisp was required under Section 6332 of the Internal Revenue Code to turn over to the Internal Revenue Service all property held by her as Trustee of the Marital Trust and Residuary Trust to the extent that they were encumbered by the Section 6321 estate tax lien.

89.     To the extent that Crisp held property described in the prior paragraph of this complaint, she did not comply with the notice of levy and her noncompliance continues to this date.

90.     At the time that the notice of levy was served, the Marital Trust was obligated to pay a portion of Mary Wohlwender Estate's federal estate tax liability as described in paragraph 13 of the complaint.  That obligation was property of the Mary Wohlwender Estate that was subject to the above described tax liens and levy.

91.     To the extent that Crisp, in her capacity as Trustee of the Marital Trust, did not pay the amounts due to the Estate under that obligation, she did not comply with the notice of levy and that compliance continues to this date.

92.     Pursuant to 26 U.S.C. § 6332(d)(1),  Crisp, both individually and in her capacity as Trustees of both the Marital Trust and Residuary Trust, is liable to the United States in the amount equal to the value of the assets subject to the levy, plus statutory interest, but not exceeding the amount of federal estate tax, interest, and penalties owed by the Mary Wohlwender Estate.

WHEREFORE, plaintiff United States of America prays that the Court order adjudge, and decree that:

14847762.5

I.      With respect to the unpaid federal estate tax liability of the Mary Wohlwender Estate, Crisp, in her capacity as Executrix is indebted to the United States in the amount of $13,421,088.31, computed as of October 31, 2016, plus further accruals of interest and statutory additions; judgment in favor the United States should be awarded accordingly;

II.     With respect to the unpaid federal income tax liabilities of the Mary Wohlwender Estate for 2009 and 2010, Crisp, in her capacity as Executrix is indebted to the United States in the amount of $33,213.65, computed as of October 31, 2016, plus further accruals of  interest and statutory additions;  judgment in favor the United States should be awarded accordingly;

III     With respect to the unpaid federal income and estate tax liabilities of the Mary Wohlwender Estate, the United States, pursuant to 26 U.S.C. Section  6321, has valid liens against any and all property and rights to property that Crisp, as executrix, had a duty to administer, that said liens be foreclosed and the properties be sold in accordance with the law and practice of this Court, and that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

IV.     Upon proper application by the United States, a receiver be appointed pursuant to 26 U.S.C. § 7403(d) to take possession of and manage the property encumbered by the Section 6321 liens described above, to and provide for the orderly sale of the property;

V.      Crisp return to the Marital Trust property transferred to Wohlwender Estate Properties in breach of her trust obligations;

14847762.5

VI.     Crisp take actions as needed to pay the federal estate tax liability of the Mary Wohlwender Estate that is attributable to the inclusion of Marital Trust property in the gross estate of Mary Wohlwender;

VII.    Transfers by Crisp, in her capacity as Trustee, of Marital Property assets to Wohlwender Properties, LLC be avoided pursuant to O.C.G.A. §18-2-77;

VIII.   Upon proper application of the United States, a receiver be appointed to take possession of the assets of the Marital Trust and to take such actions as are necessary to pay the federal estate tax liability attributable to the inclusion of Marital Trust property in the gross estate of Mary Wohlwender.

IX.     Pursuant to 31 U.S.C. §3713(a), Crisp is individually indebted to the United States in the amount of $11,944,768.60, as of October 31, 2016, plus further accruals of interest and statutory additions according to law and award judgment to the United States accordingly;

X.      On account of her breach of her fiduciary duty as executrix of the Mary Wohlwender Estate, Crisp is individually indebted to the United States in an amount equal to the value of the assets under probate that Crisp diverted from the probate estate for the benefit of beneficiaries; interest and statutory additions should also be allowed and judgment in favor of the United States be awarded accordingly;

XI.     Pursuant to 26 U.S.C. Section 6331(d), Crisp, individually and in her capacity as Trustee of the above-mentioned Marital Trust and Residuary Trust, is indebted to the United States in an amount equal to the value of the assets she was required turn over to the Internal Revenue Service; interest and statutory additions should also be allowed and judgment in favor of the United States be awarded accordingly;

14847762.5

XII.    Wohlwender Properties, LLC is indebted to the United States in the amount of the lesser of the value of the real property at the time of its transfer to Wohlwender Estate Properties or the sum of $11,944,768.60, as of October 31, 2016, plus further accruals of interest and statutory additions according to law.

XIII.    The United States is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,

XIV.    The United States have such further relief as this Court may deem just and proper, including its costs herein.

Dated: December 30, 2016

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

s/ Michael N. Wilcove

_____
MICHAEL N. WILCOVE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
T: (202) 514-6474
F: (202) 514-9868
Michael.N.Wilcove@usdoj.gov

OF COUNSEL:

G. F. PETERMAN, III,
United States Attorney

14847762.5