IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:16-CV-238(WLS) |
| | : | |
| v. | : | |
| | : | |
| MARY WOHLWENDER CRISP, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

On Wednesday, July 11, 2018, the Court was scheduled to hear the Government's Motion for Default Judgment. This Order serves to memorialize the Court's findings and instructions at the time of the hearing. At the hearing, the Court asked the parties present to announce themselves. Counsel for the Government was present and identified himself along with a representative of the Internal Revenue Service. Defendant and her counsel were not present. Prior to the hearing, the Court was informed by defense counsel that he would be unable to attend the hearing due to a medical emergency. The Court inquired into whether the Government was aware of the reason for defense counsel's absence. After confirming that the Government was aware, the Court then asked the Government for any suggestions it had on how to proceed with the matter before the Court. The Government objected to any further delay based upon Defendant's history of noncompliance and lack of participation in this case. The Court found that although Defendant failed to participate in this action, Defendant still has separate and distinct, procedural right to appear and make objections regarding the issue of damages.[1] The Court distinguished Defendant's conduct from that of her counsel and

---

[1] As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *See Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)*; Organizacion Miss Am. Latina v. Ramirez Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017). Here, although the Government requests some damages that are capable of mathematical calculation, the Government also requests additional remedies such as foreclosure and appointment of a receiver.

1

found that since counsel attempted to timely inform the Court of his unavoidable absence, the Court found that it was necessary to reschedule the hearing. However, in light counsel's absence, the Court **ORDERS** Defendant to file objections or argument in opposition to the Government's Motion, if any, in writing that she may wish to raise **within fourteen days of the date of this Order.** The Government did not present any additional evidence at the hearing and has informed the Court that it does not intend to present any additional evidence at the rescheduled hearing. If Defendant does not intend to raise any defenses or objections, and defense counsel's appearance is merely for observation purposes only, the Court also asks that Defendant so notify the Court. The Government also submitted an exhibit of its record evidence in support of its motion and stated that it would also provide a copy to counsel for Defendants. The Court **ORDERS** counsel for the parties to promptly confer and advise the Court of a proposed new date for a final hearing on the Government's Motion.

     **SO ORDERED**, this  13th  day of July, 2018.

                                         /s/ W. Louis Sands
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**