IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | |
| MARY WOHLWENDER CRISP, | : | 1:16-CV-00238-WLS |
| Individually, and in her capacities as | : | |
| The Executrix of the ESTATE OF | : | |
| MARY BRADLEY COOPER | : | |
| WOHLWENDER, and the Trustee of | : | |
| The EDWARD WOHLWENDER, JR. | : | |
| CREDIT SHELTER TRUST and of the | : | |
| MARITAL TRUST created under the | : | |
| Last Will and Testament of Edward | : | |
| Wohlwender, Jr. and WOHLWENDER | : | |
| ESTATE PROPERTIES, LLC, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' ORDER ON MOTION FOR DEFAULT JUDGMENT**

By order entered July 13, 2018, the Court directed defendant Mary Wohlwender Crisp to file any written objections or arguments that she wished to make in response to plaintiff's motion for a default judgment. On July 27, 2018, Crisp filed in essence a four-paragraph objection. (D.E. 45). Plaintiff replies as follows.

1. **Reply to specific objections**

    **Objection (a)**

    Crisp's first objection contains one sentence: "Defendant admits that there is a tax obligation due and owing, but disputes the amount of the tax liability contained in paragraph

1 of the Proposed Order [that plaintiff submitted as an exhibit it its motion for default judgment]." (D.E. 45 at 2). This blithely tossed objection is meaningless.

In its motion for a default judgment, the Government submitted evidence to show the amount of the federal tax liabilities that the Estate of Mary Bradley Cooper Wohlwender ("Estate") owes. We provided Certificates of Assessments and Payments (Forms 4340), which set forth the tax, interest, penalties, and other items that the IRS has assessed against the Estate. (D.E. 40-2, 40-3, and 40-4). As we discussed in our motion for a default judgment, the assessments set out in a Form 4340 are presumed correct. *See,* D.E. 40-1 at 14. To establish further accruals of interest, penalties and other statutory additions, the Government is entitled to submit declarations of IRS employees. *Id. See also, United States v. Korman,* 373 Fed. Appx. 922, 2010 WL 1417902**2 (11th Cir. 2010)(accrued interest established through revenue officer's declaration)*; United States v. Caldwell*, 2013 WL 7121191 *2 (N.D. Ga. 2011)(accruals of interest and penalties established through revenue officer's declaration).[1] With our motion for default judgment, we submitted the requisite declarations. (D.E. 40-4 at 6-7; D.E. 40-25; D.E. 40-26; *see also,* D.E. 40-1 at 14-15).

Where, as here, a plaintiff puts forth sufficient evidence to establish the amount of a monetary judgment, a defendant in default cannot, as Crisp attempts, avoid judgment through an empty objection. *Tara Productions, Inc., v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 2011 WL 6847808 **3 (11th Cir. 2011)(if plaintiff provides sufficient evidence of damages, court may enter default judgment without a hearing when defendant responds

---

[1] The Government did more than simply file Forms 4340 and declarations setting forth accrued interest and penalties. We established that, with one small exception, the unpaid tax at issue was reported on the returns that Crisp filed on behalf of the Mary Wohlwender Estate. *See,* D.E. 40-1 at 4, 13; D.E. 40-2; 40-3, 40-4; 40-7; 40-8; 40-9. The exception is $17,425 in estate tax that the IRS assessed after audit. (D.E. 40-2 at 5).

2

with "'unsupported claims" that "'failed to controvert the record of damages'"); *Tracphone Wireless, Inc. v. Hernandez*, 196 F.Supp.3d 1289, 1303 (S.D. Fla. 2016)(evidentiary hearing on motion for default judgment not required "where the defendants cannot adequately controvert the evidence [of damages] submitted by the plaintiffs").

Because Crisp offers nothing to rebut Government's calculations, the Court should enter judgment for the unpaid federal estate and income tax liabilities set forth in paragraph 1 of the Government's proposed order and judgment.

**Objection (b)**

In its motion for default judgment, the Government seeks multiple types of relief against Crisp. In Crisp's capacity as executrix, the Government seeks a monetary judgment for the unpaid federal tax liabilities owed by the Mary Wohlwender Estate. Besides being executrix, Crisp was the trustee of a marital trust that her father, Edward C. Wohlwender, established under his last will and testament of Edward C. Wohlwender. Upon Mary Wohlwender's death, the assets in the trust were included, for federal estate tax purposes, in her gross estate. Under the express terms of the marital trust, Crisp had a duty to pay the portion of the Estate's federal estate tax liability that was attributable to the assets in the marital trust. Crisp did not do so. *See*, D.E. 40-1 at 17-22.

She also failed to honor an IRS levy that she received in her capacity as trustee. Crisp was also obligated to honor the levy that the IRS served on her on May 26, 2016. Because the assets in the marital trust were then subject to the federal estate tax lien that arose under Section 6324(a) of the Internal Revenue, Crisp was required to turn them over to the Internal Revenue Service. In addition, the levy attached to Crisp's obligation to pay the

3

portion of the federal estate tax attributable to the assets in the trust.  Crisp did not make that payment.  *See*, D.E. 40-1 at 22-25.

For these breaches, the Government seeks judgment against Crisp individually and in her capacity as trustee.  In her objection, Crisp asserts that the Government is not entitled to a "double recovery." (D.E. 45 at 2).  In its memorandum in support of its motion for a default judgment, the Government stated that it "[seeks] several remedies, some of which overlap… [but] only seeks to collect the delinquent tax liabilities once." (D.E. 40-2 at 12).  To the extent that the Government collects the judgments against Crisp individually and/or in her capacity as trustee, the IRS will apply those funds to the unpaid federal tax liabilities identified at paragraph 1 of its proposed order and judgment.  If the Government fully collects the liabilities identified in that paragraph, we will collect nothing further and file satisfactions of the judgments

**Objection (c)**

This objection states ----

> If Plaintiff is permitted to recover damages as described in Paragraphs 2 and 3 of the Proposed Order, the same should not be any tax liability owed, but should be limited to actual damages, if any, suffered by Plaintiff.  Defendant shows that Plaintiff has not suffered damages as set forth under Paragraphs 2 and 3 of the Proposed Order.

D.E. 45 at 2-3.  This objection is baseless.

Under the terms of the marital trust, Crisp was required to pay the portion of the Mary Wohlwender Estate's federal estate tax.   She was also required to honor the above-discussed levy.  She did not do comply with either responsibility.  As a result, she deprived the Government of revenue.  That is a textbook example of damages.

.

**Objection (d)**

Crisp requests "an opportunity to respond to the choice of receiver selected by Plaintiff." (D.E. 45 at 3.) The Government, of course, will file a motion to appoint the receiver that it propounds. Crisp will have an opportunity to respond.

2. **Conclusion**

Crisp has held this case up long enough. Just as she wholly abdicated her discovery obligations, she has offered nothing to rebut the Government's motion for default judgment. Further delay can only diminish either the Government's recovery or, if the Government receives full payment of its judgment, the bequests under the decedent's will.

Dated: July 31, 2018

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        s/ Michael N. Wilcove

        _____
        MICHAEL N. WILCOVE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Washington, D.C.  20044
        Attorney for Plaintiff
        T: (202) 514-6474
        F: (202) 514-9868
        Michael.N.Wilcove@usdoj.gov

Of Counsel:
CHARLES E. PEELER
United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, a copy of the foregoing was served on defendants' counsel through the Court's e-filing system.

                                                   s/ Michael N. Wilcove
                                                   _____
                                                   MICHAEL N. WILCOVE