IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**Filed at** _____ //:24 A _____ **M**
_____ 4/26 _____, 20 8
13cL

UNITED STATES OF AMERICA,         :

Plaintiff,         :

**DEPUTY CLERK, U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

v.         :         CIVIL ACTION FILE NO.

MARY WOHLWENDER CRISP,         :         1:16-CV-00238-WLS
Individually, et al.         :

Defendants.         :

---

## ORDER APPOINTING RECEIVER AND ENJOINING DEFENDANTS AND OTHERS

THIS MATTER is before the Court on the Plaintiff's motion for appointment of Kevin

O'Halloran as receiver herein.  Default has been entered against the defendants Mary

Wohlwender Crisp, in her individual capacity, and in her capacities as Executrix of the Estate of

Mary Bradley Cooper Wohlwender, Trustee of the Edward C. Wohlwender, Jr., Credit Shelter

Trust and of the Marital Trust created under the Last Will and Testament of Edward C.

Wohlwender, Jr.; and Wohlwender Estate Properties, LLC (collectively, the "Defendants").

(Doc. 37.) The Court finds that appointment of a receiver is warranted and appropriate, and

therefore ORDERS[1] as follows:

1.      Plaintiff's Motion for Appointment of Receiver (Doc. 53) is hereby GRANTED,

as provided herein.

---

[1] This Order was submitted by Plaintiff as an attachment to its Motion for Appointment of
Receiver. (Doc. 53.) The Court previously ordered that Defendants may file a response to the
motion to appoint receiver, but Defendants did not respond. (*See* Docs. 54 & 55; docket
generally.) The Court made minor, non-substantive edits and style adjustments herein.

2.      Kevin O'Halloran should be, and hereby is, appointed, without bond, to serve as receiver (in that office and capacity, the "Receiver") for the Defendants and for all of the Receivership Assets (as defined below), all of which will form that part of the estate of Defendants that is in receivership (the "Receivership Estate"). The term "Receivership Assets" shall be construed broadly to include all real property of Defendants and interests in real property of Defendants, wherever located. Except as otherwise provided herein with respect to actions that may be taken by Plaintiff, the Receiver shall be exclusively authorized to administer the Receivership Estate and to possess, manage, safeguard and dispose of the Receivership Assets. Neither the Defendants nor any officer, director, shareholder, member, agent, beneficiary, or employee of Defendants, nor any other person or entity claiming to have an ownership interest in or control over the property of Defendants, shall have any authority or control over or with respect to the Receivership Estate or any of the Receivership Assets.

3.      Subject only to the rights and liens of Plaintiff, the Receiver shall have all powers and rights to administer and manage the Receivership Estate and to assume custody and control over all Receivership Assets, including, but not limited to, the following property:

a.      all documents evidencing ownership of any Receivership Assets, including, without limitation, all deeds and other evidence of title to any Receivership Asset;

b.      all documents evidencing leases of Receivership Assets;

c.      all insurance policies affecting or in any way pertaining to Receivership Assets;

d.      all documents evidencing mortgages, deeds of trust, liens, or other encumbrances affecting or pertaining to Receivership Assets;

2

e.     all of Defendants' rent deposits, security deposits and other refundable deposits of money or other property, as well as all of each Defendant's rights to receive rent and storage fees;

4.     Except as otherwise expressly restricted in this Order, the Receiver shall have and possess all powers, privileges and prerogatives in accordance with 26 U.S.C. §§ 7402 and 7403, including but not limited to those ordinarily provided to receivers under law. In addition, and without limiting the generality of the foregoing, the Receiver is hereby authorized and empowered to:

a.     take immediate possession of, hold and secure all Receivership Assets;

b.     manage, control, operate and maintain the Receivership Estate;

c.     conduct all aspects of any leasing operations of Defendants, including, without limitation, continuation or termination of any service or employment arrangement or contract, and deliver such notices as the Receiver elects in his discretion relating to the conduct of such operations (including, without limitation, notices to employees of Defendants), with any disputes arising in connection therewith to be subject to the jurisdiction of this Court;

d.     make such ordinary and necessary payments, distributions, and disbursements as the Receiver deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets;

e.     renew, cancel, terminate, or otherwise adjust any pending lease agreements to which Defendants are a party;

f.     institute actions, suits or other proceedings to obtain possession or custody of or control over any Receivership Assets, in this Court or any other court or tribunal

3

having competent jurisdiction, and institute, defend, compromise or adjust such actions or proceedings in state or federal courts, as the Receiver in his discretion may deem to be advisable for the protection and administration of the Receivership Estate;

g.     prepare tax returns and related documents regarding the assets and operation of the Receivership Estate;

h.     file such reports and documents with federal, state and local officials as are required or are deemed by the Receiver to be necessary or appropriate in connection with the management of the Receivership Assets;

i.     following at least five (5) business days' prior notice to Plaintiff and Defendants, abandon any Receivership Assets that, in the exercise of the Receiver's business judgment, are burdensome to the Receivership Estate;

j.     engage attorneys, accountants, appraisers, brokers, auctioneers, environmental experts, and other consultants and experts (collectively, the "Professionals"), on terms acceptable to Plaintiff, to assist the Receiver in the performance and discharge of his rights, powers, and duties hereunder and pay such Professionals reasonable retainers and their fees and expenses as such become due and payable; provided, however, that prior to any such payment by the Receiver to a Professional, the Receiver shall provide copies of the Professional's invoices to Plaintiff, who shall have a period of ten (10) business days after receipt of an invoice within which to send a written objection to payment to the Receiver, and if an objection is timely made by Plaintiff, the fees and expenses that are subject to the objection shall not be paid except upon the subsequent written consent of Plaintiff or further order of this Court;

4

k.    subject only to the requirements and limitations in this Order, sell, lease or otherwise dispose of any and all of the Receivership Assets as part of an orderly liquidation, or in such public auctions or private sales as the Receiver may deem appropriate; and execute and deliver such deeds, bills of sale, and other related documents in order to transfer all of Defendants' right, title and interest in and to any of the Receivership Estate to any purchaser thereof;

l.    pay from any funds generated by the disposition of Receivership Assets the expenses of the Receivership Estate, including, without limitation, expenses for utilities (gas, electric and water), supplies, wages and salaries, taxes (payroll, sales, and ad valorem) and ordinary and necessary repairs and maintenance to any of the Receivership Assets;

m.    deal with all existing and prospective subcontractors, vendors, suppliers, distributors, customers, licensors, licensees, landlords, tenants and subtenants of Defendants, including, without limitation, by way of negotiating and executing leases, licenses, and other agreements and any amendments, renewals, extensions, modifications, or waivers of any leases, licenses, or other agreements between any Defendant and any existing or prospective subcontractors, vendors, suppliers, distributors, customers, licensors, licensees, landlords, tenants, and subtenants of Defendants, with any disputes related to such dealings to be subject to the jurisdiction of the Court;

n.    provide a written statement each month (for the prior month) of cash receipts and cash disbursements to Defendants and Plaintiff as well as any other reports and budgets reasonably requested by Plaintiff or required by the Court;

5

o.     take such other action as may be approved by this Court following prior
notice to Plaintiff and Defendants.

In addition to the powers and instructions set forth hereinabove, the Receiver shall have all of the
powers of a receiver that are authorized by law and all other powers necessary or proper to
preserve and liquidate the Receivership Estate, and to perform obligations and exercise rights
and remedies under existing agreements between or among Defendants and any third parties that
affect or in any way pertain to the Receivership Assets.

5.     The Receiver shall use his best efforts to sell any and all of the Receivership
Assets, by one or more public or private sales, as determined by the Receiver in the exercise of
his sound business judgment.  The Receiver shall do so on such terms and conditions as the
Receiver determines to be in the best interests of the Receivership Estate, without the necessity
of the Receiver having obtained any appraisal of any of the Receivership Assets that are to be the
subject of a sale.  Without limiting the generality of the foregoing, to the extent that the Receiver
elects to sell any of the Receivership Assets by one or more public sales, the Receiver, in the
exercise of his discretion and business judgment, may determine the terms, conditions and
procedures for the conduct of any such public sale, including, without limitation,
(i) identification of the Receivership Assets to be sold, (ii) the requirements that any person or
entity must satisfy to participate in any auction, and (iii) the time, date, and manner of any such
auction sale, provided that no auction shall be conducted sooner than ten (10) business days after
the date on which this Order is entered.

6.     For any proposed public sale of the Receivership Assets, the Receiver shall file a
notice (the "Sale Notice") with the Court specifying the terms, conditions and procedures for
such proposed public sale. The Receiver promptly shall serve the Sale Notice on each of the

6

following persons or their counsel ("Interested Parties"): (i) Plaintiff and Defendants; (ii) all persons who, based on a reasonable search of public records of liens and security interests, may have or may assert an interest in the property proposed to be sold; and (iii) each person who has in writing to Defendants or the Receiver expressed an interest in purchasing the property proposed to be sold and provided in writing a name and address for such party in interest.

7. If an Interested Party wishes to object to a Sale Notice as being inadequate to give fair notice of the terms and conditions of a proposed public sale, such Interested Party within any deadlines identified in a Sale Notice shall file its written objection in this case, shall state therein, with specificity, its grounds for objecting to such Sale Notice, and shall serve such objection on the Receiver, Plaintiff, and Defendants. The Court may schedule a hearing or conference, as necessary, to hear and resolve any timely objections. At such hearing, the objecting party shall bear the burden of demonstrating that such Sale Notice fails to provide adequate notice of the terms and conditions of the proposed sale and should be modified. Notwithstanding the filing of any objection to the Sale Notice in accordance with this paragraph, until the Court enters an Order directing otherwise, the Receiver shall be entitled to conduct the proposed public sale in accordance with the Sale Notice as long as such sale complies with the applicable laws.

8. Plaintiff shall be authorized, at any time or times, to enter upon any location at which the Receiver maintains any of the Receivership Assets for the purpose of inspecting any Receivership Assets, including all records maintained by the Receiver that pertain to the Receivership; conferring with officers, employees, or agents of the Receiver; and reviewing and making copies of any and all documents at any time in the possession, custody or control of the Receiver. The Receiver shall provide monthly to Plaintiff and Defendants reports of the Receiver's operations, cash receipts, disbursements, and maintenance of the Receivership Estate.

7

In no event shall Plaintiff, by virtue of its exercising any right, power or privilege hereunder, be deemed to be in possession or control of any Receivership Assets or any part of the Receivership Estate, or to have asserted any supervisory control or decision-making authority with respect to the management, operation, protection or maintenance of any Receivership Assets, and Plaintiff shall not be deemed to have assumed any obligation under Defendants' agreements with any third parties and shall not be liable for the use, maintenance, repair, or operation of any of the Receivership Estate. All officers, attorneys and authorized representatives of Defendants shall be entitled to review, inspect, and copy any documents referred to in this paragraph of the Records during normal business hours and at their own expense.

9. Each Defendant and each of its officers, directors, agents, attorneys and employees, all other persons acting at the direction of any Defendant, and each other person or entity receiving notice of this Order by service or otherwise (but specifically excluding Plaintiff), are hereby ordered immediately to (i) turn over to the Receiver possession of all of the Receivership Assets; (ii) turn over to the Receiver all keys and entry cards to all Receivership Assets; and (iii) cooperate with the Receiver in identifying and locating Receivership Assets and transitioning the operations of any Receivership Assets to the Receiver.

10. During the pendency of this Receivership, absent express permission of this Court, all actions by any creditors, lessors, landlords, taxing authorities and other persons and entities seeking dispossession of Receivership Assets or the imposition of any lien or other encumbrance upon an Receivership Asset from any Defendant or the Receivership Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed.

8

Further, except for Plaintiff, all persons and entities who have or receive notice of this Order, including (i) Defendants (and all officers, directors, employees, members and agents of Defendants), (ii) all creditors of Defendants, and (iii) all persons or entities acting at the direction or on behalf of any of the persons described in clauses (i) or (ii), including, without limitation, sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are hereby RESTRAINED AND ENJOINED from (a) destroying, concealing, using, collecting, taking possession of, transferring, asserting dominion or control over, repossessing, seizing, attaching, garnishing, executing upon, seeking to impose a judicial lien upon any Receivership Assets, (b) otherwise interfering with the possession, custody, control, use, or management by the Receiver of any Receivership Assets or with the Receiver's exercise of powers or discharge of duties under this Order, (c) cancelling, terminating or limiting any insurance coverage, permits, registrations, certificates, licenses or contracts of any Defendant, or (d) filing or prosecuting any actions or proceedings that involve the Receiver or that affect any Receivership Assets, except to the extent authorized by the Receiver or to the extent that any party to such action or proceeding may be required to answer or reply to any pending complaint, motion or other pleading in order to avoid default.

11.     The Receiver is authorized to file, record, or register this Order with appropriate government offices and courts and to serve this Order on any person or entity whom the Receiver reasonably believes to be in custody or control of other assets properly belonging to the Receivership Estate.

12.     The Receiver is authorized to communicate with all persons as he deems appropriate to inform them of the status of this matter and the Receivership Estate. In connection with any final report, accounting and discharge of the Receiver, the Receiver shall

9

seek and obtain final approval from the Court of the professional fees and expenses of the Receiver, his firm and his counsel.

13.   Upon the request of the Receiver, the United States Marshal's Office, in any judicial district, is hereby authorized to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

14.   The Clerk of the Court is authorized and directed to make certified copies of this Order, at the Receiver's request, for use by the Receiver.

15.   Except for an act of gross negligence or willful misconduct, the Receiver and all persons engaged by or employed by him shall not be liable for any loss or damage incurred by Defendants or any other person by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

16.   Any person asserting a lien upon any assets in the Receivership Estate, may request, by written motion filed with the Court and with at least five (5) business days' notice to Plaintiff and Defendants, a status conference or any other appropriate relief as to the results of the Receiver's management and liquidation of the Receivership Estate, the necessity or appropriateness of continuing the receivership, or whether any of the terms and conditions of this Order should be amended or modified in any way.

17.   The Receiver shall be authorized to apply to this Court, with notice to Plaintiff and Defendants, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

10

18.     This Court shall retain jurisdiction of this matter for all purposes, including,

without limitation, for the purpose of amending, interpreting and enforcing any of the provisions

of this Order.

SO ORDERED this _20th_ day of _November_ _____ 2018.

_____

W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

11