**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| ) | NO. 1:16-cv-00238-WLS |
| MARY WOHLWENDER CRISP, ) | |
| Individually, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF SALE OF**
**DESIGNATED REAL PROPERTY ASSETS OF WOHLWENDER ESTATE**
**PROPERTIES, LLC AND BIDDING PROCEDURES THEREFOR**

This notice ("Notice") is provided by Order of the United States District Court for the Middle District of Georgia, Albany Division ("Court"), in the case styled <u>United States of America v. Mary Wohlwender Crisp, et al.</u>, Civil Action File No. 1:16-CV-00238-WLS ("Case").

PLEASE TAKE NOTICE THAT:

1. Kevin O'Halloran is the duly appointed receiver (the "Receiver") in the Case for certain real property (the "Receivership Assets") of Mary Wohlwender Crisp, in her individual capacity, and in her capacities as Executrix of the Estate of Mary Bradley Cooper Wohlwender, Trustee of the Edward C. Wohlwender, Trustee of the Edward C. Wohlwender, Jr., Credit Shelter Trust and of the marital Trust created under the Last Will and Testament of Edward C. Wohlwender, Jr.; and Wohlwender Estate Properties, LLC  (collectively, the "Defendants").

2. The Receivership Assets serve to secure obligations of Defendants to United States of American ("Plaintiff").

3. On October 22, 2018, the Receivership Court entered final judgment in favor of Plaintiff against Defendants in the following amounts (i) principal amount of $14,248,382.70, plus interest at the rate set forth at 28 U.S.C. Sec 1961(c)(1), and other interest, penalties, and statutory additions as set forth in the Judgment.

4. Pursuant to the Order Appointing Receiver and Enjoining Defendants and Others (the "Receivership Order") entered by the Receivership Court in the Receivership

Case on November 26, 2018 (the "Receivership Date"), the Receiver is authorized to sell any of the Receivership Assets, subject to Plaintiff's consent.

5. Among the Receivership Assets are the "Designated Real Property Assets," consisting of any existing buildings and other permanent improvements ("Improvements") now located on **the real property in Chattahoochee County, GA Tax Parcel No. 001-0005, containing 100 acres, more or less (the "Land").**

6. The Receiver, as seller, and a prospective purchaser ("Initial Bidder") have executed an Agreement for Purchase and Sale of the Designated Real Property Receivership Assets of ("PSA") and, the Receiver has received confirmed good funds from the Initial Bidder as earnest money ("Purchaser Earnest Money").

7. Certain terms of the PSA may be summarized as follows:

   Purchaser/Initial Bidder:   Frank D. Foley, III

   Purchase Price: One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00)

   Earnest Money:  $15,000.00

8. The specific terms of the PSA, including a more specific definition of the Designated Real Property Assets, are contained in the PSA. A copy of the PSA may be obtained from the Receiver by sending a written request to the Receiver c/o Counsel at the address below along with a $25.00 cashier's check or money order (for handling and postage) made payable to: Kevin O'Halloran, Receiver for the Designated Real Property Assets. If an interested party wishes to obtain a copy of the PSA on an expedited basis, that party should send electronic mail to Receiver's counsel listed below to make such arrangements.

9. Upon receipt of such a request for a copy of the PSA and such payment, the Receiver shall forthwith send a copy of the PSA to the requesting party.

10. The Receiver will seek the Court's approval and confirmation of the public sale of the Designated Real Property Assets under the terms in the PSA, subject to a possible overbid, in accordance with the procedures outlined in this Notice.

11. Each person (except the Initial Bidder) wishing to bid on the Designated Real Property Assets (a "Potential Bidder," which term shall not include the Initial Bidder) should obtain a copy of the PSA from the Receiver as provided above, if not previously obtained.

12. To participate in the bidding process, each Potential Bidder must deliver to the Receiver the following (in writing, unless designated otherwise):

a. the full name and identity of the proposed purchaser and operator of the Designated Real Property Assets;

b. written evidence, including financial means, of ability to consummate the transaction;

c. the names and addresses of the CEO, president, and CFO (or equivalent functional positions) of the purchaser and operator;

d. a bid for the Designated Real Property Assets ("Bid"), which is a letter from the Potential Bidder stating that (i) such bidder offers to purchase the Designated Real Property Assets upon the terms and conditions set forth in a copy of the PSA, marked to show the amendments and modifications to the PSA, including price and terms that the Potential Bidder proposes ("Marked Agreement"), and (ii) the Potential Bidder's offer is open and irrevocable until the Closing (as such term is defined below);

e. a Bid that (i) guarantees to the Receiver at least a ten (10) percent increase over the price offered in the PSA, (ii) is on terms otherwise identical to or more advantageous to the Receiver than, the terms of the PSA, (iii) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the Potential Bidder, (iv) does not request or entitle the Potential Bidder to any termination fee, expense reimbursement or similar type of payment, and (v) which provides that the Potential Bidder agrees that its Bid shall remain open and subject to acceptance by the Receiver until a Closing takes place;

f. the Receiver prefers all cash, non-contingent contracts, so to the extent any Bid involves any contingency, delayed payment, or non-cash components, the Receiver, in his sole discretion, may value such components at any amount, including zero, and the Potential Bidder shall have no right of appeal whatsoever from the Receiver's valuation; and

g. a good faith deposit ("Bid Deposit"), in immediately available United States funds, in an amount not less than 150% of the amount of the Purchaser Earnest Money, which will be left in place until Closing in order to keep such Bid in place as a backup.

13. The above must be submitted so that it is received by the Receiver's Counsel not later than **June 6, 2019 at 5:00 p.m. ("Bid Deadline").**

14. The respective address, for purposes of submitting the above, including a Bid, are:

    Receiver's counsel

    Robert T. Trammell, Jr.

> The Trammell Firm, LLC
> P.O. Box 109
> Luthersville, GA 30251
> bob@trammellfirm.com
>
> and
>
> Jerry E. Peer, Jr.
> Peterson Conners, LLP
> 545 Metro Place South, Suite 435
> Dublin, OH 43017
> jpeer@petersonconners.com

15. A "Qualified Bidder" is a Potential Bidder that (i) timely delivers that above, and (ii) whose financial information demonstrates, to the Receiver's reasonable satisfaction, the financial capability of the Potential Bidder to consummate the purchase of the Designated Real Property Assets. Any bid received from a Qualified Bidder that meets these requirements will be a "Qualified Bid."

16. For the purposes of these sale procedures, the PSA is a Qualified Bid, and the Initial Bidder is a Qualified Bidder.

17. If the Receiver does not receive any Qualified Bids other than the PSA, the Receiver will report this fact to the Court at the Final Sale Hearing and proceed with the sale of the Designated Real Property Assets to the Initial Bidder.

18. If there is at least one additional Qualified Bid for the Designated Real Property Assets, the Receiver will conduct **a public auction ("Auction") at the United States District Courthouse in Columbus, Georgia located at 120 12th St., Columbus, GA 31901 at 2 p.m. on June 10, 2019**, at which only the Initial Bidder and each other Qualified Bidder will be entitled to participate as bidders. If there is not at least one additional Qualified Bid, the Initial Bidder will be automatically deemed to have submitted the highest bid in the PSA, and the Receiver shall move for confirmation and approval of the sale to the Initial Bidder on the terms outlined in the PSA.

19. At the Auction, bidding will begin with the highest Qualified Bid and continue in increments of not less than one percent (1%) of the Purchase Price in the PSA rounded to the nearest thousand dollar amount (the "Minimum Increment Bid"). The required amount of incremental bid may be adjusted by the Receiver, subject only to a requirement of good faith. The bidding will not conclude until each participating bidder has had the opportunity to submit any additional Qualified Bid(s) with full knowledge of the existing highest bid.

20. At the conclusion of the bidding, for the Qualified Bidder other than the Initial Bidder to be considered a Successful Bidder, that Qualified Bidder must

        immediately deposit with the Receiver an additional amount in immediately available United States funds, which, with its initial Bid Deposit, equals not less than ten (10) percent of its highest and best bid (the aggregate amount of such funds being the "Bid Deposit" of such Successful Bidder).

21. At the conclusion of the bidding and any additional required deposit, the Receiver, will announce its determination as to the person ("Successful Bidder") submitting the highest and best bid for the Designated Real Property Assets ("Successful Bid"). The Successful Bid, as determined by the Receiver, will be submitted to the Court by motion for confirmation. Notwithstanding anything to the contrary herein, the determination of the highest and best bid for the Designated Real Property Assets shall be that of the Court.

22. The Receiver shall also move the Court for an order authorizing the confirmation of the sale of the Designated Real Property Assets free and clear of all (i) mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, claims, judgments, demands, unrecorded easements, charges, encumbrances, defects, security interests, options, rights of first refusal, rights of reclamation and restrictions of all kind (collectively, "Interests") and (ii) all debts arising under or out of, in connection with, or in any way relating to, any acts of the Receiver, claims, rights or causes of action (whether in law or in equity, including, but not limited to, any rights or causes of action based on theories of transferee or successor liability under any law, statute, rule, or regulation of the United States, any state, territory, or possession thereof), obligations, demands, guaranties, rights, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever (collectively, the "Claims"), with such Interests and Claims attaching to the proceeds of the sale of the Designated Real Property Assets in the same priority, extent, validity, and amount as such Interests and Claims attached to the Designated Real Property Assets, with such other approval as is required by the Court.

23. By participating in the Auction, each Qualified Bidder shall be deemed to acknowledge that it has had an opportunity to review the Designated Real Property Assets prior to bidding and that such Qualified Bidder relied solely on that review and upon its own investigation and inspection of the Designated Real Property Assets in making its offers. Any pertinent documents in Receiver's possession related to the Designated Real Property will be available for inspection under the terms of a signed Receiver's confidentiality agreement prior to the Final Sale Hearing during regular business hours by prior reasonable arrangement with the Receiver.

24. The Bid Deposit for the Successful Bid shall be distributed, as follows:

    a. at the Closing of the transaction for which the Bid Deposit was made, then to the Receiver;

    b. within ten (10) days of entry of a final, non-appealable order by the Court, not subject to certiorari ("Final Order") disapproving the transaction for which the Bid Deposit was made, then refunded to the Successful Bidder;

    c. within ten (10) days after written notification to the Successful Bidder by the Receiver of Receiver's inability to close the transaction, then refunded to the Successful Bidder; or

    d. if, due to the Successful Bidder's failure to consummate the sale of the Designated Real Property Assets, the Closing does not occur within (i) the time period set forth in the Marked Agreement with respect to the Successful Bid, (ii) an additional time period acceptable to the Receiver in writing, or (iii) if applicable, an additional time period authorized by the Court, then to the Receiver.

25. The Receiver shall hold any Bid Deposit received in accordance with these Procedures in an escrow account. Each Qualified Bidder acknowledges that the Receiver shall act in accordance with these Procedures without further instructions. Neither the Receiver nor Receiver's counsel shall have any duties or obligations except those expressly set forth herein and in the applicable Marked Agreement. Neither the Receiver nor the Receiver's counsel shall be required to invest the Bid Deposits in an interest earning account or to segregate each deposit, but may, in their sole discretion, do so. In the event of a dispute between a Successful Bidder and the Receiver, the Receiver shall have the right to retain the Bid Deposit in escrow, and either party may apply to the Court for a determination of the rights and obligations of the parties.

26. The Receiver will not be deemed to have accepted any bid, including the Successful Bid, until the Court has entered an Order approving the Successful Bid and the Receiver's consummation of the sale. In the event a Closing does not take place as provided below, the Receiver reserves the right to accept the next highest and best Qualified Bid.

27. If the Successful Bidder fails to close in accordance with the terms of the Successful Bid and the Final Order approving the sale, such Successful Bidder will forfeit its Bid Deposit, which shall be retained by the Receiver as liquidated damages, and not a penalty, it being agreed by participation in the bid process that actual damages are impossible to determine. In such event, the Designated Real Property Assets will be sold to the Qualified Bidder submitting the next highest bid which is able to close in accordance with the terms of the PSA or applicable Marked Agreement, as the case may be.

28. In the event that the Receiver does not consummate a sale of the Designated Real Property Assets for any reason (other than the Successful Bidder's failure to consummate a sale of the Designated Real Property Assets in accordance with the PSA or applicable Marked Agreement, as the case may be, and the Final Order approving sale), the Receiver's sole obligation shall be to refund the Bid Deposit (if one was made by the Successful bidder) to the Successful Bidder, provided

however, that the foregoing shall not apply to the failure to consummate a sale if the Initial Bidder is the Successful Bidder, in which case the failure to consummate a sale of the Designated Real Property Assets shall be governed by the PSA.

29. The closing of the sale of the Designated Real Property Assets shall take place in accordance with the closing date set forth in the successful bid. With respect to the Closing, time is of the essence.

30. The balance of the purchase price shall be paid by the Successful Bidder to the Receiver, by wire transferred, certified funds, or other good funds at Closing in a form acceptable to the Receiver.

31. All adjustments to be made in connection with the Closing, if any, shall be made as provided in the Successful Bid.

32. Any sale, assignment or other disposition of the Designated Real Property Assets shall be without representations or warranties of any kind, nature, or description by the Receiver, its agents or the Receiver Estates. The transactional documents shall provide that **THE RECEIVER HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE DESIGNATED REAL PROPERTY ASSETS, INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE. THE DESIGNATED REAL PROPERTY ASSETS SHALL BE TRANSFERRED "AS IS," "WHERE IS," WITH "ALL FAULTS."**

33. In the event of any conflict in the terms and conditions set forth herein and in any agreement for the purchase of the Designated Real Property Assets approved by the Court ("Approved Purchase Agreement"), the terms and conditions of the Approved Purchase Agreement shall govern.

34. The proceeds to the Receiver from the sale will be paid to Plaintiff.

35. The sales proceeds received by Receiver must exceed the aggregate amount owed to Plaintiff for there to be any proceeds (the "Excess Proceeds") available for distribution to any holder of a lien or claim junior in priority to that of Plaintiff. In the event that the final Auction sales proceeds provide Excess Proceeds, the liens of junior lien holders shall attach to such proceeds in the same priority and to the same extent and validity as their respective liens and claims attached to the Auctioned Assets as of the Receivership Date, subject to the payment of the reasonable fees, costs, and expenses incurred by the Receiver (including those of his counsel) in determining such junior Liens and Claims and making such distributions.

36. If a party in interest wishes to object to the sale of the Designated Real Property Assets or to assert that its liens or claims in, to, or under any of the Designated Real Property Assets are superior in priority to that of Plaintiff (the "Superior Lien or

Claim"), such party must intervene in this Receivership Case by filing with the Court a written pleading stating with specificity the grounds for its objection to the proposed auction sale of the Auctioned Assets, its grounds for asserting a Superior Lien or Claim, or both (the "Intervention/Objection Pleading"), and serve the Intervention/Objection Pleading on the Receiver and Plaintiff, not later than **June 6, 2019 (the "Intervention and Objection Bar Date")**, or that party shall be forever barred from asserting such a lien or claim against (i) the proceeds of the sale of any of Designated Real Property Assets, (ii) the the Designated Real Property Assets, (iii) any purchaser of any of the Designated Real Property Assets, or (iv) the Receiver.

37. The respective notice and service addresses, for the Receiver and Plaintiff are: (i) Robert T Trammell, Jr., The Trammell Firm, LLC, P.O. Box 109, Luthersville, GA 30251, and Jerry E. Peer, Jr., Peterson Conners, LLP, 545 Metro Place South, Suite 435, Dublin, Ohio 43017; and (ii) Plaintiff's counsel, John M. Bilheimer, Department of Justice, PO Box 14198 Ben Franklin Station, Washington, DC 20044.

Submitted and filed in the United States District Court, this 21st day of May, 2019.

By: */s/ Kevin O'Halloran*
Kevin O'Halloran in his official capacity as Receiver, and not individually

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE** |
| ) | |
| ) | **NO. 1:16-cv-00238-WLS** |
| **MARY WOHLWENDER CRISP,** ) | |
| **Individually, and in her capacities as the** ) | |
| **Exec. of the Estate of Mary Bradley** ) | |
| **Cooper Wohlwender and the Trustee** ) | |
| **of the Edward C. Wohlwender, Jr. Credit** ) | |
| **Shelter Trust and of the Marital Trust** ) | |
| **Created under the LWT of Edward C.** ) | |
| **Wohlwender, Jr., and WOHLWENDER** ) | |
| **ESTATE PROPERTIES LLC,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing **NOTICE OF SALE OF DESIGNATED REAL PROPERTY ASSETS OF WOHLWENDER ESTATE PROPERTIES, LLC AND BIDDING PROCEDURES THEREFOR** with the Clerk of Court using the CM/ECF system, which will effect service on the following counsel of record:

        John M. Bilheimer, Esq.

        Michael N. Wilcove, Esq.

        Edward N. Davis, Esq.

I further certify that I have this day served the foregoing **NOTICE OF SALE OF DESIGNATED REAL PROPERTY ASSETS OF WOHLWENDER ESTATE PROPERTIES, LLC AND BIDDING PROCEDURES THEREFOR** upon the following interested parties by electronic mail at the following electronic mail addresses:

| Name | Email |
|---|---|
| Bob Hatcher | Bob@bobhatcher.com |
| Nancy Brumbelow | nancypat@windstream.net |
| Tommy Brumbelow | nancypat@windstream.net |
| Patrick Arnold | patrick.arnold@avisonyoung.com |
| John Flory | john_flory@ml.com |
| Joe Bostick | joebostickjr@gmail.com |
| Tim Shirah | timshirah55@gmail.com |
| Walter Hatchett | Walter@jonkohler.com |
| Wallace D. Bonner | WBonner@mcdr-law.com |
| Brian Williams | autodr31757@gmail.com |
| Charles Balfour | charles@balfourtimbercompany.com |
| Jacob Sartain | jsartain@sartainsheritage.com |
| Allen S. Woodard | aswoodardlaw@bellsouth.net |
| Chris Lacy | chris@lawofficeofchrislacy.com |
| Lanier Edwards | laniertimberland@yahoo.com |
| Kim Crouch | kcrouch@timberlandharvesters.com |
| John Haynes | John.Haynes@cbre.com |
| Chuck Ford | CHF@psstf.com |
| Mike Horne | mikehornesr@hotmail.com |
| Frank Foley | ffoley@theconcreteco.com |
| Cole Barfield | cole@barfieldauctions.com |
| Asa Candler | acandler@southwooddev.com |
| Bill Landmart | mailto:bill@landmart.com |
| Steve Kash | steve.kash@shepherdbrokers.com |
| Deanna Brumbelow | deepha@hotmail.com |
| Justin Carswell | jlc@mcwrealty.com |
| Brent Weitnauer | brent.weitnauer@avisonyoung.com |
| David Pittman | mrauforester@yahoo.com |
| Alan Mackey | amackey@landvest.com |
| Tiffanie Starr | starr@tirllc.com |
| Rand Jones | rbj@psstf.com |
| Bill Breiner | bill@landmart.com |
| Bob Riles | riles@gaforester.com |
| Mark Saviers | msaviers@sagepartners.com |
| Tony Brady | tony@anrllc.com |
| Josh West | jwest@abbevillefiber.com |
| Ed Pope | ed.pope@comcast.net |
| Michael Wright | Michael@fcrcommercial.com |
| Marty Flournoy | marty@fcrcommercial.com |
| Chris Wightman | chris@fcrcommercial.com |

| | |
|---|---|
| Diane Russell | diane@fcrcommercial.com |
| Ken Melton | ken.wayback@gmail.com |
| Robbie Raybon | robert.raybon@gmail.com |
| Mike Rapp | mike.rapp@mohrpartners.com |
| Trey Carmack | trey@carmackcres.com |
| Jimmy Sorrells | wls@up-link.net |
| Mohamed Momin | mohamedmomin12@gmail.com |
| Zack Johnson | zachary.johnson@beasleygroup.com |
| Jordan Beasley | Jordan.beasley@beasleygroup.com |
| Reynolds Dickerstaff | reynolds@bickerstaffparham.com |
| Mark L Manley | Mark@BidWeeks.com |
| Mike Harrison | smikeharrison@gmail.com |
| Jeff Greene | ufors@att.net |
| Karl Wagner | wagkarl@gmail.com |
| Jim Gatewood | jgatewood@americuslaw.com |
| Rembert Brady | rbrady@g2cre.com |
| Robert Raybon | robert.raybon@gmail.com |
| Mark Knight | mknight@forestryrealestate.com |
| Edward N Davis | eddie@pstel.net |
| John Bickley | johnbickleysr@gmail.com |
| Adam Griffin | adam@georgialandcompany.com |
| Ernie Smallman | esmallman@gmail.com |
| Nehru Samantarai | nehrus27@gmail.com |
| David Aremu | aremuda@gmail.com |
| Ed Pope | ed.pope@comcast.net |
| Matthew Nygren | matthew.l.nygren@gmail.com |
| David Epperly | cdepperly@gmail.com |
| Lauren Segraves | lauren@robinsonstave.com |
| Bob Riles | riles@gaforester.com |
| Moez Hasni | hasnimoez@gmail.com |
| Len Meyer | lmeyer@lee-associates.com |
| Jordan Beasley | Jordan.Beasley@beasleygroup.com |
| Frank Walden | frank@cbckpdd.com |
| David Moore | Davidmoore@getlitvodka.com |
| Jaime Libran | libranjaime@hotmail.com |
| Matt Robinson | MattRRobinson42@gmail.com |
| Dan Rock | drock@frcemail.com |
| Pat DuBose | pathdubose@gmail.com |
| Ray Laurie Galloway | rgalloway@davisforestry.com |
| David Lieu | dslieu@gmail.com |
| Andrew Boutwell | aboutwell@forestinvest.com |
| Charles Clark | clark.charles12@gmail.com |
| Jason Williams | jason@landandrivers.com |
| Kevin Keen | kkeen@mossyoakproperties.com |
| Mike Matre | mike@matreforestry.com |
| Brad Waller | bradwaller@windstream.net |

| | |
|---|---|
| Adam Henley | adam@henleyland.com |
| Nathan Greer | Nathan.Greer@afmforest.com |
| Greg Russell | gwr@ldl.net |
| Wanda Law | wanda.law@hiddenoaksalfinc.org |
| Andy Barrs | adbarrs@barrsindustries.com |
| Fife Whiteside | whitesidef@mindspring.com |
| Sally N. Dills | snd@ldl.net |
| F. Bradford Wilson, Jr. | Brad.wilson@adamshemingway.com |
| James M. Skipper, Jr. | jskipper@americuslaw.com |

I further certify that I have this day served the foregoing **NOTICE OF SALE OF DESIGNATED REAL PROPERTY ASSETS OF WOHLWENDER ESTATE PROPERTIES, LLC AND BIDDING PROCEDURES THEREFOR** upon the following interested parties by United States mail at the following mail addresses:

Barfield Auctions, Inc.
P.O. Box 370
Shellman, Georgia 39886

Jacob Sartain
106 First Choice Dr
Madison, MS 39110

Sally N. ("Salina") Dills
General Counsel
Pezold Companies
600 Brookstone Centre Parkway
Columbus, GA 31904

F. Bradford Wilson, Jr.
Adams, Hemingway, Wilson & Rutledge, LLC
544 Mulberry Street, Ste. 1000
P.O. Box 1956
Macon, GA  31202-1956

Charles H. Ford, Jr.
Austin S. Gibson
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
P.O. Box 1199
Columbus, Georgia 31902

James M. Skipper, Jr.
Gatewood, Skipper & Rambo, P.C.
Post Office Box 488

Americus, Georgia 31709

Michael W. Horne, Sr.
301 Old Andersonville Road
Andersonville, GA 31711

Joe B. Bostick, Jr.
321 Bainbridge Road
Camilla, GA 31730

Wallace D. Bonner, Jr.
2829 Old Dawson Road
Albany, GA 31707

BJK Planation, Inc.
Attn: Tim Shirah
3093 Shirahland Rd.
Camilla, GA 31730

JCM Flat Rock Partners
c/o Christopher Wightman
2520 Wynnton Road
Columbus, GA 31906

JCM Flat Rock Partners
c/o Fife M. Whiteside
P.O. Box 5383
Columbus, GA 31906

This 21st day of May, 2019.

*/s/  Robert T. Trammell, Jr.*
Robert T. Trammell, Jr. (Ga. Bar No. 715351)
bob@trammellfirm.com
**Counsel for Receiver**

THE TRAMMELL FIRM, LLC
P.O. Box 109
Luthersville, GA  30251
Tel:   (770) 927-0085
Fax:   (678) 884-9019